# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

CHEN-SHIANG DONALD LIN,

     Plaintiff,

v.                                                        Civil No. 04-1440 WJ/WPL

UNITED STATES AIR FORCE,
DR. JAMES G. ROCHE, Secretary
of the Air Force,

     Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE ENJOINED FROM FILING FRIVOLOUS LAWSUITS

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss (Doc. No. 19) and sua sponte pursuant to the Court's awareness of Plaintiff's filing history. Having reviewed the submissions of the parties and being fully advised on the relevant law, I find Defendant's motion is well taken and will be granted. Additionally, I will order Plaintiff to show cause why his ability to file lawsuits in this district should not be restricted to prevent the filing of frivolous lawsuits unduly burdensome to the judicial system and to opposing parties.

## BACKGROUND

On December 30, 2004, Plaintiff filed his Complaint in this case alleging that Defendant subjected him to a hostile work environment in the late summer of 1996 by failing for two years to provide Plaintiff with an appropriate computer to perform his job, by giving Plaintiff a very low score on a performance evaluation in November 1997, by generating untrue statements about

Plaintiff and placing him on probationary status, and by withdrawing a paper without Plaintiff's consent.  Plaintiff also alleges that some of this conduct was retaliatory.  This is Plaintiff's fifth lawsuit in this Court, and all of Plaintiff's four previous lawsuits arise out of the same facts and circumstances as this case.[1]  In fact, the substance of these previous Complaints is identical to the substance of the Complaint in this case such that most of this Complaint is likely photocopied or pasted from these previous Complaints.  Plaintiff's first lawsuit was dismissed without prejudice for failure to exhaust administrative remedies.[2]  See CIV-98-1470, Docket No. 36.  Plaintiff's second and third lawsuits were dismissed without prejudice for failure to timely effect proper service.  See CIV-01-1439, Docket No. 16 and CIV-02-1264, Docket No. 14.  Plaintiff's fourth lawsuit was dismissed without prejudice for failure to exhaust administrative remedies.  See CIV-03-1460, Docket No. 8.  Defendant now moves to dismiss the current (fifth) lawsuit pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust his administrative remedies.

Plaintiff was employed as an electrical engineer at the Department of the Air Force research lab at Kirtland Air Force Base (AFRL).  On June 19, 1998, Plaintiff filed a complaint of discrimination with Kirtland's EEO office.  In his EEO complaint, Plaintiff alleged that he was the victim of national origin discrimination because (1) his supervisor gave him a Notice of Contribution Deficiencies to Improve; (2) his supervisor wrote, "your threat to complain to the EEO is hardly objective" on a feedback session form; and (3) his supervisor vailed to provide him

---

[1]See Lin v. Peters, D.N.M. CIV-98-1470; Lin v. Coche [sic], D.N.M. CIV-01-1439; Lin v. Roche, D.N.M. CIV-02-1264; Lin v. Roche, D.N.M. CIV-03-1460

[2]A court may take judicial notice of its own records.  Fed. R. Evid. 201; Logan v. United States, 272 F.Supp.2d 1182, 1184 (D. Kan. 2003).

with computer equipment necessary to perform his duties.  On July 20, 1998, Kirtland's EEO office dismissed the complaint.  On August 15, 1998, Plaintiff filed an appeal with the EEOC Office of Federal Operations (OFO).  On December 1, 1998, Plaintiff filed his first lawsuit in this Court (CIV-98-1470), but the OFO had not issued any decision on Plaintiff's EEOC appeal.  On January 11, 2000, the OFO dismissed Plaintiff's EEOC appeal based on Plaintiff's federal lawsuit (first lawsuit) alleging the same claims as those raised in the appeal.

On or about July 19, 2004, after Plaintiff's fourth lawsuit in this Court was dismissed, Plaintiff initiated a request to the OFO asking that it reconsider its decision dismissing Plaintiff's EEOC appeal.  On October 29, 2004, the OFO issued a Dismissal of Request for Reconsideration, denying Plaintiff's request because it was untimely.

**LEGAL STANDARD**

A party may go beyond the allegations contained in the complaint and challenge the facts upon which jurisdiction depends.  Sizova v. National Institute of Standards & Technology, 282 F.3d 1320, 1324-25 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  A Rule 12(b) motion to dismiss can challenge the substance of the complaint's jurisdictional allegation in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court.  Sizova, 282 F.3d at 1324-25; New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495 (10th Cir. 1995).  A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b).  In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.  Sizova, 282 F.3d 1324-25; Holt, 46 F.3d 1000, 1003 (10th Cir. 1995).

**DISCUSSION**

I.    DEFENDANT'S MOTION TO DISMISS

      While Plaintiff's Complaint incorrectly asserts his cause of action under 42 U.S.C. § 1983,

this Court will construe his action, as it has with his prior lawsuits, as proper under Title VII.  A

party must generally exhaust administrative remedies as a prerequisite to filing suit in federal court

under Title VII of the Civil Rights Act.  Simms v. Okla. ex rel. Dep't of Mental Health and

Substance Abuse Serv., 165 F.3d 1321, 1326 (10th Cir. 1999).  Additionally, federal employees

who pursue judicial claims of discrimination are required to first exhaust administrative remedies

in accord with applicable statutory provisions.  Woodman v. Runyon, 132 F.3d 1330, 1341 (10th

Cir. 1997); Khader v. Aspin, 1 F.3d 968, 971 (10th Cir. 1993); Johnson v. Orr, 747 F.2d 1352,

1356 (10th Cir. 1984); Samson v. Civiletti, 632 F.2d 860, 862 (10th Cir. 1980).

      The most common method of administrative exhaustion is the individual EEO complaint

process, and this is the method initially chosen by Plaintiff.  That process is governed by the

regulations promulgated by the EEOC at 29 C.F.R. Part 1614 and the EEOC's Management

Directive 110.  Informal counseling is the first step in the process, and an aggrieved person is

required to consult with an agency counselor within 45 days of an alleged discriminatory act.  29

C.F.R. § 1614.105.  After informal counseling, a complainant receives a "notice of final

interview" and may file a formal complaint of discrimination within 15 days.  Once a formal

complaint is filed and accepted, the agency has 180 days to conduct an investigation.  29 C.F.R. §

1614.106(e)(2).  The complainant has a right to a hearing, if requested, before an administrative

law judge, and the judge issues a recommended decision to the head of the agency.  29 C.F.R. §

1614.109.  An agency is required to issue its final decision within 60 days of a request for decision

without a hearing or within 40 days of receiving a recommended decision from an administrative

judge.  29 C.F.R. § 1614.110.

A Complainant's right to judicial review in federal court and the time limits for seeking

judicial review in federal court are set forth in 29 C.F.R. § 1614.407 which provides:

> A complainant who has filed an individual complaint .. . is authorized . . . to file a
> civil action n an appropriate United States District Court: (a) Within 90 days of
> receipt of the final action on an individual or class complaint if no appeal has been
> filed; (b) After 180 days from the date of filing an individual or class complaint if
> an appeal has not been filed and final action has not been taken; (c) Within 90 days
> of receipt of the Commission's final decision on an appeal; or (d) After 180 days
> from the date of filing an appeal with the Commission if there has been no final
> decision by the Commission.

Moreover, if a complainant files an EEOC appeal under subsection (d), he is obligated to exhaust

that appeal or to wait 180 days before filing in district court and may not abandon an appeal in

favor of suit in federal court.  Khader, 1 F.3d at 970 (a complainant who abandons his or her

claim before the agency has reached a determination has failed to exhaust administratively).

In this case, Plaintiff failed to exhaust his administrative remedies.  Plaintiff filed an EEOC

appeal with the OFO on August 15, 1998 but abandoned that appeal by filing his first lawsuit in

the federal district court before the OFO issued a final decision on appeal and before 180 days had

elapsed.  Nothing has occurred in the interim to cure the jurisdictional defect.  Although Plaintiff

did seek reconsideration by the OFO of its dismissal of his appeal, the denial of his request for

reconsideration did not administratively exhaust his discrimination or retaliation claims under Title

VII because the denial of reconsideration was not a decision on the merits of his claims.  As stated

in Hill v Runyon, "a plaintiff cannot 'cure' administrative defects of his own making after a

dismissal for inexhaustion."  12 F.Supp.2d 30, 33 (D.D.C. 1998).

While Plaintiff is entitled to appeal the OFO's decision denying his request for reconsideration, Plaintiff's Complaint, even construed liberally, cannot be read as an appeal of the denial of reconsideration. Nowhere in the Complaint is any mention of Plaintiff's EEOC appeal, the dismissal of that appeal, or his request that the OFO reconsider the dismissal of that appeal.

Because Plaintiff has failed to exhaust his administrative remedies for his Title VII discrimination and retaliation claims, this Court lacks subject matter jurisdiction to entertain this lawsuit and it will be dismissed without prejudice.

## II.    ORDER TO SHOW CAUSE

The "right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. Winslow. v Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994) (citing Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir.1989)). The Court of Appeals for the Tenth Circuit has repeatedly recognized the power of federal courts, under 28 U.S.C. § 1651(a), to prevent a litigant from filing meritless, vexatious lawsuits where a pattern of filing such lawsuits unduly burdens the judicial system. Werner v. State of Utah, 32 F.3d 1446, 1448 (10th Cir. 1994); Olsen v. Coleman, 997 F.2d 726, 729 (10th Cir. 1993); Tripati, 878 F.2d at 352.[3] However, this power is to be used sparingly, and litigiousness alone will not support its invocation. Id., 878 F.2d at 353. Nevertheless, the United States Supreme has recognized that:

> The goal of fairly dispensing justice. . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitions have a greater capacity than most to disrupt the fair

---

[3]Other circuits also recognize the necessity of such restrictions. See Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir.1986), cert. denied, 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987); Sires v. Gabriel, 748 F.2d 49 (1st Cir.1984).

allocation of judicial resources because they are not subject to the financial considerations--filing fees and attorney's fees--that deter other litigants from filing frivolous petitions.

In re Sindram, 498 U.S. 177 (1991), cited in Winslow v. Romer, 759 F.Supp. 670, 677-78 (D.Colo. 1991).

As described in this Memorandum Opinion and Order, Plaintiff has recycled his same lawsuit five times.  These filings have been frivolous and vexatious and the continued need to address these cases has weighed down the docket of this Court which is already burdened with a chronic overload of southwest border cases.  Additionally, the Defendants have had to expend resources defending against frivolous and vexatious litigation.  Plaintiff has been cautioned in previous cases not to waste judicial resources by re-filing his case without an honest belief in its merit.[4]  Thus, Plaintiff's abuse of the judicial system is likely to continue unless the Court intervenes to prevent it.  Accordingly, the Court proposes to enjoin Plaintiff Chen-Shiang Donald Lin from filing any new lawsuits in the United States District Court for the District of New Mexico as follows:

**Proposed Injunction**

1.      Chen-Shiang Donald Lin, whether filing individually or jointly, must be represented by licensed counsel of record who certifies that, based on the attorney's review of the complaint, it states a cause of action and meets the pleading requirements of Fed. R. Civ. P. 8 and the factual predicate requirements of Fed. R. Civ. P. 11.  Thus, if Plaintiff is represented by counsel who makes this required certification, the proposed complaint will be received and filed.  Alternatively,

---

[4]See Lin v. Roche, Civil No. 03-1460 Docket No. 8 p. 7 n.3 (D.N.M. March 16, 2004) (Memorandum Opinion and Order); Lin v. Peters, Civil No. 98-1470 Docket No. 35 p. 3 (D.N.M. Nov. 6, 2001) (Memorandum Opinion and Order).

if Chen-Shiang Donald Lin seeks to proceed as a *pro se* litigant, he must comply with the following:

   a.    Chen-Shiang Donald Lin must demonstrate, by separate affidavit to the Court, which must accompany the proposed complaint, that the action is commenced in good faith and is not malicious or "without arguable merit." Tripati, 878 F.2d at 353; In re Green, 669 F.2d 779, 787 (D.C. Cir. 1981).

   b.    The proposed complaint must be certified by Chen-Shiang Donald Lin as provided by Fed. R. Civ. P. 11.

   c.    The proposed complaint must include a list of every previous action which Chen-Shiang Donald Lin has filed, either individually or jointly, in federal or state courts, and must provide the names of all parties in such actions, as well as the docket numbers.  The proposed complaint must disclose the status of all prior lawsuits, the outcome and any appeals and their outcome.

   d.    Chen-Shiang Donald Lin must provide a list notifying the Court of all outstanding injunctions or orders limiting his or their access to state or federal courts, including orders and injunctions requiring him or them to seek leave to file matters pro se or requiring that he or they be represented by an attorney.  A copy of each order or injunction must be submitted with each proposed complaint.

   e.    A notarized affidavit, in proper legal form, must be submitted with the proposed complaint which recites the issues Chen-Shiang Donald Lin seeks to present, including a short discussion of the legal basis asserted, and describing with particularity the legal challenge being presented.  The affidavit must disclose

8

whether the same or similar claims were asserted in any prior action filed by Chen-Shiang Donald Lin and must disclose the status of that prior action as well as provide the style of the case, the docket number, and the name of the court where the prior action was filed.  The affidavit must certify that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or by a good-faith argument for the extension, modification or reversal of existing law.

2.      Upon receipt of the proposed complaint and affidavit, the Clerk of the Court will submit the document package to the Court for pre-filing review.  Should the Court determine that the case appears to state a cause of action, appears to have been commenced in good faith and is not malicious or without arguable merit, or repetitive, the Court will authorize the Clerk of Court to accept the pleading for filing.

3.      Should the Court decline to accept the pleading for filing, it will be returned to Chen-Shiang Donald Lin.

4.      The proposed filing restrictions shall apply to any new lawsuit filed, but will not apply to any pending lawsuit.

**Show Cause - Response by Plaintiff to Proposed Injunction**

Chen-Shiang Donald Lin shall have thirty (30) days from the date of this Order to file written objections showing cause why this Court should not impose the proposed injunction. Tripati, 827 F.2d at 354; Winslow, 17 F.3d at 316-17.  If Chen-Shiang Donald Lin fails to show cause by filing timely objections, the proposed injunction will become permanent and will take

effect thirty (30) days from the date of this Order.  If Chen-Shiang Donald Lin does file timely

objections, the proposed injunction shall not take effect until the Court rules on the objections.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 19) is

hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff show cause within thirty (30) days why the

Court should not enter the proposed injunction.

IT IS FINALLY ORDERED that, if Plaintiff fails to respond to the Order to Show Cause

within thirty (30) days, the injunction shall take effect thirty (30) days from the date of this Order.

_____
UNITED STATES DISTRICT JUDGE