IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHEN-SHIANG DONALD LIN,

    Plaintiff,

v.                                              Civil No. 04-1440 WJ/WPL

UNITED STATES AIR FORCE,
DR. JAMES G. ROCHE, Secretary
of the Air Force,

    Defendants.

## MEMORANDUM OPINION AND FINAL ORDER PERMANENTLY ENJOINING CHEN-SHIANG DONALD LIN FROM FILING LAWSUITS

    THIS MATTER comes before the Court *sua sponte*.  On March 16, 2006, the Court entered a Memorandum Opinion and Order proposing to enjoin Plaintiff Chen-Shiang Donald Lin from filing any new lawsuits in the United States District Court for the District of New Mexico prior to complying with certain narrowly circumscribed conditions. (Doc. 32).  The Order addressed Plaintiff's continued abuse of the judicial system by recycling the same lawsuit five times.  Plaintiff was afforded 30 days in which to respond to the Court's Order.

    Plaintiff has responded to the Court's Order proposing to impose filing restrictions.  In essence, the response urges that Plaintiff should be excused from his excessive filings and failure to understand and follow various procedural rules because he is *pro se*.  The response states that attorneys were either unwilling to accept Plaintiff's case or requested large retainers to investigate the case before filing a complaint.  Plaintiff then states that his only method of learning the proper way to conduct litigation was to learn from his mistakes.  Plaintiff notes that ordinary people who cannot afford an attorney should have the fundamental right to pursue their cases in the Court.

The Court has considered Plaintiff's arguments.  First and foremost, ordinary persons do have a right to access the courts pursuant to the petition clause of the First Amendment to the Constitution of the United States, but the right is not unconditional and does not extend to frivolous or malicious actions.  See Winslow. v Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994).  Secondly, while the Court must construe a pro se litigant's pleadings liberally, pro se status does not excuse a litigant from his or her obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  Finally, while the Court appreciates that some people learn best from the mistakes they make through trial and error, the Court cannot be the forum for such a learning experience when it involves Plaintiff filing the same civil lawsuit over and over again until he gets it right.   I find that Plaintiff has failed to show cause why the proposed injunction should not issue, and it will issue immediately as follows:

    1. Chen-Shiang Donald Lin, whether filing individually or jointly, must be represented by licensed counsel of record who certifies that, based on the attorney's review of the complaint, it states a cause of action and meets the pleading requirements of Fed. R. Civ. P. 8 and the factual predicate requirements of Fed. R. Civ. P. 11.  Thus, if Plaintiff is represented by counsel who makes this required certification, the proposed complaint will be received and filed. Alternatively, if Chen-Shiang Donald Lin seeks to proceed as a *pro se* litigant, he must comply with the following:

        a. Chen-Shiang Donald Lin must demonstrate, by separate affidavit to the Court, which must accompany the proposed complaint, that the action is

commenced in good faith and is not malicious or "without arguable merit." Tripati, 878 F.2d at 353; In re Green, 669 F.2d 779, 787 (D.C. Cir. 1981).

b.      The proposed complaint must be certified by Chen-Shiang Donald Lin as provided by Fed. R. Civ. P. 11.

c.      The proposed complaint must include a list of every previous action which Chen-Shiang Donald Lin has filed, either individually or jointly, in federal or state courts, and must provide the names of all parties in such actions, as well as the docket numbers.  The proposed complaint must disclose the status of all prior lawsuits, the outcome and any appeals and their outcome.

d.      Chen-Shiang Donald Lin must provide a list notifying the Court of all outstanding injunctions or orders limiting his or their access to state or federal courts, including orders and injunctions requiring him or them to seek leave to file matters pro se or requiring that he or they be represented by an attorney.  A copy of each order or injunction must be submitted with each proposed complaint.

e.      A notarized affidavit, in proper legal form, must be submitted with the proposed complaint which recites the issues Chen-Shiang Donald Lin seeks to present, including a short discussion of the legal basis asserted, and describing with particularity the legal challenge being presented.  The affidavit must disclose whether the same or similar claims were asserted in any prior action filed by Chen-Shiang Donald Lin and must disclose the status of that prior action as well as provide the style of the case, the docket number, and the name of the court where the prior action was filed.  The affidavit must certify that the legal arguments being

raised are not frivolous or made in bad faith, that they are warranted by existing law or by a good-faith argument for the extension, modification or reversal of existing law.

2. Upon receipt of the proposed complaint and affidavit, the Clerk of the Court will submit the document package to the Court for pre-filing review.  Should the Court determine that the case appears to state a cause of action, appears to have been commenced in good faith and is not malicious or without arguable merit, or repetitive, the Court will authorize the Clerk of Court to accept the pleading for filing.

3. Should the Court decline to accept the pleading for filing, it will be returned to Chen-Shiang Donald Lin.

4. The proposed filing restrictions shall apply to any new lawsuit filed, but will not apply to any pending lawsuit.

IT IS THEREFORE ORDERED that the filing restrictions herein shall be effective immediately as of the date of the filing of this Memorandum Opinion and Order which is a final, appealable order in this case.

A Final Judgment shall be entered contemporaneously with this Order.

_____
UNITED STATES DISTRICT JUDGE